IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PARRISH BOURNE,

                Petitioner,

     v.                                    CASE NO. 05-3363-SAC

STATE OF KANSAS, et al.,

                Respondents.

**O R D E R**

This mater is before the court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. 2254. Petitioner proceeds with counsel and has submitted the full filing fee.

A one year limitation period applies to a habeas corpus petition filed by a prisoner confined pursuant to a state court judgment. 28 U.S.C. 2244(d)(1). The running of this one year limitation period is subject to tolling as petitioner pursues state post-conviction relief or other collateral review. *See* 28 U.S.C. 2244(d)(2)(running of limitations period is tolled while properly filed state post-conviction proceeding and appeal therefrom is pending).

Here, petitioner initiated two or more post-conviction proceedings that eventually culminated in his last post-conviction appeal becoming final on September 14, 2004.[1]

---

[1] Or alternatively, on September 20, 2004, the date the state appellate court's mandate was handed down. *But see* Serrano v. Williams, 383 F.3d 1181 (10th Cir. 2004)(no statutory tolling under 2244(d)(2) for period of time between final decision in state post-conviction appeal and issuance of state appellate court's mandate).

Petitioner filed the instant federal habeas petition almost a year later, on September 12, 2005.  However, after petitioner's conviction became final, any time during which no properly filed post-conviction motion or appeal was pending in the state courts must first be counted against the 2244(d)(1) statutory limitation period.  Although any such time is difficult to determine on the face of the record before the court, it does appear to involve more than a matter of days.

Accordingly, the court directs petitioner to show cause why the petition for habeas corpus relief should not be dismissed as untimely.

IT IS THEREFORE ORDERED that petitioner is granted thirty (30) days to show cause why this matter should not be dismissed due to petitioner's failure to commence this action within the one-year limitation period under 28 U.S.C. 2244(d).  The failure to file a timely response may result in the dismissal of this matter without further prior notice.

**IT IS SO ORDERED.**

DATED:  This 27th day of September 2005 at Topeka, Kansas.

      s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge