ace

# UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

| | |
|---|---|
| **PARRISH BOURNE,** )<br>)<br>　　　　　**Plaintiff,** )<br>)<br>v.　　　　　　　　　　　　　　　　　　　) 　　Case No. 05-3363-JAR<br>)<br>**STATE OF KANSAS, ET AL.**　　　　　　)<br>)<br>　　　　　**Defendants.** )<br>_____ ) | |

## MEMORANDUM AND ORDER DENYING MOTION UNDER 28 U.S.C. § 2254

This matter comes before the Court on Parrish Bourne's[1] Petition for Writ of Habeas Corpus (Doc. 1) seeking federal habeas relief from a state conviction, pursuant to 28 U.S.C. § 2254.  Having carefully considered the parties' submissions, the Court is prepared to rule.  For the reasons stated below, the Court denies petitioner's request for federal habeas relief.

**I.　　Facts**

Petitioner was convicted of one count of aggravated arson in the District Court of Reno County, Kansas, arising from a pair of fires that were started in two adjoining storerooms in the kitchen area of the Hutchinson Correctional Facility in Hutchinson, Kansas, where petitioner was an inmate.  Prior to trial, petitioner was incarcerated at the El Dorado Correctional Facility, where petitioner and his defense counsel were able to speak freely by telephone and mail.  Later, petitioner was moved to the Hutchinson Correctional Facility where the Unit Team Manager

---

[1] On the petition, the name of petitioner is listed as "Parrish Bourne." (Doc. 1.)  As such, petitioner's name is spelled "Parrish Bourne" in the caption of this case and in all references to petitioner's name on the docket sheet.  However, it appears that petitioner's name is spelled "Parrish Bourn." *See State v. Bourn*, No. 80,350, slip op. (Kan. Ct. App. July 23, 1999).  For purposes of this action, the Court will refer to petitioner's name as it is spelled on his petition for habeas corpus.

denied petitioner the ability to communicate with his counsel, David F. Holmes, the week preceding the trial. On the Saturday morning before trial, defense counsel called petitioner at the prison and learned of petitioner's attempts to contact his attorney. When petitioner's trial was scheduled to begin the following Monday, defense counsel orally moved for a continuance "based on [his] client believing that [defense counsel] was not ready and he was not ready [for trial]."[2] The court heard the motion for continuance in chambers, and denied petitioner's request.[3] Petitioner also moved for dismissal based on the petitioner's lack of ability to meet with counsel by telephone. In denying the motion, the court questioned defense counsel about his ability to communicate with his client:

> THE COURT: Well, I'm not worried about the written motion today, but there's nothing prior to today about your inability to contact your client and communicate with him. Is that a fair statement?
> MR. HOLMES: No, Your Honor.
> THE COURT: All right. Thank you. That motion will be denied.[4]

Upon his conviction, petitioner argued on appeal that the district court erred in denying the motion for continuance and the motion for dismissal without making an adequate inquiry into the situation. The Kansas Court of Appeals rejected petitioner's argument and affirmed his conviction.[5] Regarding the motion for continuance, the court stated that a trial court has discretion to grant or deny a continuance, and a trial court's ruling will not be disturbed on

---

[2] Tr. of Jury Trial Proceedings at 9–10.

[3] There is no record of the hearing in chambers. *Bourn*, No. 80,350, slip op. at 3.

[4] Tr. of Jury Trial Proceedings at 10.

[5] The Kansas Court of Appeals did, however, remand for re-sentencing on the matter of restitution. *Bourn*, No. 80,350, slip op. at 8.

appeal unless the appellant shows that such discretion has been abused and the substantial rights of the defendant have been prejudiced.[6]  Because there was no record of the hearing regarding the motion to continue, the appellate court held that petitioner failed to affirmatively show from the record that prejudicial error occurred in the trial, and therefore, the action of the trial court was presumed to be proper.[7]  The appellate court also upheld the trial court's denial of the motion to dismiss because the record was inadequate.[8]  Further, the court found that the record showed that defense counsel "conducted an able and thorough defense" and pointed out that petitioner did not raised an ineffective assistance claim, thus concluding that petitioner failed to show that his substantial rights were prejudiced.[9]

In this habeas action, petitioner raises two grounds for relief: (1) denial of his right to effective counsel, and (2) denial of his constitutional right to a fair trial.  Construing petitioner's habeas motion liberally, both of these grounds allege that petitioner was denied his right to counsel under the Sixth Amendment when he was unable to consult with his defense counsel the week before his trial commenced.

## II.     Standard of Review

Because petitioner "filed his habeas petition after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") govern this appeal."[10]  The AEDPA

---

[6]*Bourn*, No. 80,350, slip op. at 4–5.

[7]*Id.* at 5.

[8]*Id.*

[9]*Id.*

[10]*Martinez v. Zavaras*, 330 F.3d 1259, 1262 (10th Cir. 2003) (citations omitted).

"circumscribes a federal habeas court's review of a state court decision."[11]  Under 28 U.S.C. § 2254(d), a federal court may not grant habeas relief on any claim adjudicated in state court, unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.[12]

In *Williams v. Taylor*,[13] the Supreme Court discussed the § 2254(d) clauses.  "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] on a set of materially indistinguishable facts."[14]  "Under the 'unreasonable application' clause, the Court in *Williams* stressed that the relevant inquiry is not whether the state court's application of federal law was incorrect, but whether it was 'objectively unreasonable.'"[15]

The court presumes "that factual determinations made by the state court are correct, and the petitioner bears the burden of rebutting this presumption with clear and convincing

---

[11] *Anderson v. Mullin*, 327 F.3d 1148, 1152 (10th Cir. 2003) (quotations omitted).

[12] 28 U.S.C. § 2254(d).

[13] 529 U.S. 362 (2000).

[14] *Id*. at 412–13.

[15] *Anderson*, 327 F.3d at 1153 (citing *Williams*, 529 U.S. at 409).

evidence."[16]  "This presumption does not extend to legal determinations or to mixed questions of law and fact."[17]  "That is, the 'deferential standard of review does not apply if the state court employed the wrong legal standard in deciding the merits of the federal issue.'"[18]  "Ultimately, our review of the state court's proceedings is quite limited, as section 2254(d) sets forth a highly deferential standard of evaluating state-court rulings."[19]

**III.   Analysis**

Petitioner argues in this habeas motion that he was denied the right to effective counsel and he was denied a fair trial when he was prevented from communicating with defense counsel the week preceding trial.  "The Sixth Amendment entitles a defendant to the assistance of counsel at every critical stage of a criminal prosecution."[20]  The Supreme Court has defined "critical stages" as steps of a criminal proceeding that hold significant consequences for the accused.[21]  As such, a defendant "is entitled to counsel at any proceeding where an attorney's assistance may avoid the substantial prejudice that could otherwise result from the proceeding."[22]

In addressing petitioner's appeal, the Kansas Court of Appeals did not apply this standard to petitioner's case.  Instead, it analyzed petitioner's request for a motion for continuance under

---

[16]*Martinez v. Zavaras*, 330 F.3d 1259, 1262 (10th Cir. 2003) (citing § 2254(e)(1); *Fields v. Gibson*, 277 F.3d 1203, 1221 (10th Cir. 2002)).

[17]*Id*. (citing *Herrera v. Lemaster*, 225 F.3d 1176, 1178–79 (10th Cir. 2000)).

[18]*Id*. (quoting *Cargle v. Mullin*, 317 F.3d 1196, 1202 (10th Cir. 2003)).

[19]*Anderson*, 327 F.3d at 1152.

[20]*United States v. Collins*, 430 F.3d 1260, 1264 (10th Cir. 2005) (citing *Kirby v. Illinois*, 406 U.S. 682, 690 (1972); *United States v. Gordon*, 4 F.3d 1567, 1571 (10th Cir. 1993)).

[21]*Bell v. Cone*, 535 U.S. 685, 695–96  (2002).

[22]*Collins*, 430 F.3d at 1264 (citing *Coleman v. Alabama*, 399 U.S. 1, 9 (1970)).

5

Kansas state law and determined that petitioner failed to show prejudicial error in the record. The state court did not address whether petitioner's constitutional rights were violated by the trial court's denial of the motion for continuance and the motion to dismiss.[23]  Therefore, this Court will "'resolve the claim unconstrained by AEDPA deference'" and will "review *de novo* the state court's legal conclusions and resolution of mixed questions."[24]  Nevertheless, applying a *de novo* standard, the Court determines petitioner fails to show that he was denied counsel at a critical stage in violation of the Sixth Amendment.

In *United States v. Cronic*,[25] the Supreme Court "identified three situations implicating the right to counsel that involved circumstances 'so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified.'"[26]  The first scenario is "the complete denial of counsel."[27]  In this situation, prejudice is presumed if an accused is denied counsel during a critical stage of trial.[28]  In the second situation, prejudice is also presumed if "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing."[29]  Finally, in the third situation, the presumption of prejudice is appropriate where "the likelihood that any

---

[23]The Court notes that petitioner raised the argument to the Kansas Court of Appeals that the denial of the motion for continuance and the motion for dismissal resulted in a constitutional error in violation of the Sixth Amendment and the Kansas Constitution.  Appellant's Br. in Case No. 97-80350-A at 7–8.

[24]*Trammel v. McKune*, 485 F.3d 546, 550 (10th Cir. 2007) (quoting *Revilla v. Gibson*, 283 F.3d 1203, 1220 n.14 (10th Cir. 2002) and citing *Romine v. Head*, 253 F.3d 1349, 1365 (11th Cir. 2001)).

[25]466 U.S. 648 (1984).

[26]*Bell v. Cone*, 535 U.S. 685, 695 (2002) (quoting *Cronic*, 466 U.S. at 658–59).

[27]*Cronic*, 466 U.S. at 659.

[28]*Id.*

[29]*Id.*

lawyer, even a fully competent one, could provide effective assistance is [] small."[30]

The Court concludes that none of these scenarios apply to petitioner's case. The second and third scenarios do not apply because there is no evidence in the record to support them. Under the second scenario, a complete absence of meaningful adversarial testing occurs "only where the evidence 'overwhelmingly establish[es] that [the] attorney abandoned the required duty of loyalty to his client,' and where counsel 'acted with reckless disregard for his client's best interests, and, at times, apparently with the intention to weaken his client's case.'"[31] The Tenth Circuit has "repeatedly found the *Cronic* presumption inapplicable where 'counsel actively participated in all phases of the trial proceedings.'"[32] In this case, the record shows that counsel actively participated in all phases of the trial, and petitioner does not allege any facts to the contrary. The third scenario occurs when "counsel is called upon to render assistance under circumstances where competent counsel very likely could not,"[33] and there is no evidence in the record that such is the case here.

For the first scenario to apply, petitioner must have been completely denied counsel at a critical stage of the proceeding, thereby raising a presumption of prejudice.[34] But, based on the

---

[30]*Id.* at 659–60.

[31]*Turrentine v. Mullin*, 390 F.3d 1181, 1208 (10th Cir. 2004) (quoting *Osborn v. Shillinger*, 861 F.2d 612, 629 (10th Cir. 1988)).

[32]*Id.* (quoting *Snyder v. Addison*, 89 Fed. App'x 675, 680 (10th Cir. 2004)).

[33]*Bell v. Cone*, 535 U.S. 685, 696 (2002) (quoting *Cronic*, 466 U.S. at 659–62).

[34]In *Bell*, the Supreme Court listed the cases in which it found a violation of the Sixth Amendment such that prejudice could be presumed. *Id.* at 696 n.3 (citing *Geders v. United States*, 425 U.S. 80, 91 (1976) (trial court's order preventing the accused from consulting with counsel during a 17-hour, overnight recess between the accused's direct and cross-examination violated the Sixth Amendment); *Herring v. New York*, 422 U.S. 853, 865 (1975) (trial court's order denying counsel the opportunity to make a summation at the close of a bench trial was reversible Sixth Amendment error); *Brooks v. Tennessee*, 406 U.S. 605, 612–613 (1972) (Sixth Amendment violation for the court to require defendant to testify first at trial, before any other defense witnesses); *White v. Maryland*, 373 U.S 59, 60

record, petitioner fails to show that he suffered a "complete denial of counsel" such that prejudice should be presumed. Petitioner's counsel told the trial court that prior to petitioner's incarceration at the Hutchinson Correctional Facility, counsel and petitioner were able to communicate freely. Further, counsel did not allege that he was unable to speak to his client or that he was unable to prepare for trial after petitioner was moved to the Hutchinson Correctional Facility.[35] In fact, counsel stated that he was able to contact petitioner on the Saturday before trial, and he did not indicate that he had any difficulty doing so. While petitioner alleges that he was unable to contact his counsel while incarcerated at the Hutchinson Correctional Facility for the week preceding his trial, he has not alleged a complete denial of counsel at a critical stage in the proceedings.[36] Therefore, the first scenario under *Cronic* is inapplicable. Accordingly, petitioner has not shown that a Sixth Amendment violation occurred such that prejudice is presumed.

---

(1963) (preliminary hearing where defendant entered a guilty plea was a critical stage of the proceeding such that denial of counsel at that hearing was a constitutional violation whether or not prejudice resulted); *Ferguson v. Georgia*, 365 U.S. 570, 596 (1961) (prohibiting defendant's counsel from conducting direct examination of defendant was constitutional error); *Hamilton v. Alabama*, 368 U.S. 52, 53–55 (1961) (denial of counsel at arraignment, which is a critical stage, required reversal even if no prejudice is shown); *Williams v. Kaiser*, 323 U.S. 471, 476–77 (1945) (constitutional violation occurred when a defendant requested counsel but did not receive one at the time he was convicted and sentenced)). Also, the Tenth Circuit has joined with other circuits in holding that a competency hearing is a critical stage in a defendant's proceedings. *United States v. Collins*, 430 F.3d 1260, 1264 (10th Cir. 2005) (citing *Appel v. Horn*, 250 F.3d 203, 215 (3d Cir. 2001); *United States v. Klat*, 156 F.3d 1258, 1262 (D.C. Cir.1998); *United States v. Barfield*, 969 F.2d 1554, 1556 (4th Cir. 1992); *Sturgis v. Goldsmith*, 796 F.2d 1103, 1109 (9th Cir. 1986)).

[35]While counsel moved for a continuance because of *petitioner's belief* that counsel was not ready for trial, there is nothing in the record to support this allegation. Further, counsel did not indicate that he was unprepared for trial.

[36]*See, e.g.*, *Chester v. Boone*, 13 F.3d 404, 1993 WL 525734, at *3 (10th Cir. Dec. 20, 1993) (unpublished table opinion) (holding that the accused was not subject to a complete denial of counsel when he had counsel representing him at each stage of the proceeding and there was no allegation or indication that counsel at those proceedings was prevented from assisting the accused in any way); *Rodriguez v. Zavaras*, 42 F. Supp. 2d 1059, 1083 (D. Colo. 1999) ("[A]lthough Petitioner argues that the state at times denied him the right to see or call his counsel, he does not allege that he was completely denied the right to see or speak with his counsel or that he was denied the right to counsel during some critical stage of the appeal.").

As explained, the presumption of prejudice from *Cronic* does not apply in this case, but even if the Court were to assume that petitioner suffered a constitutional violation, petitioner fails to allege that he suffered any harm. As the Supreme Court explained in *Chapman v. California*,[37] "some constitutional errors which in the setting of a particular case are so unimportant and insignificant . . . may . . . be deemed harmless."[38] "'[I]f the defendant had counsel and was tried by an impartial adjudicator, there is a strong presumption that any other errors that may have occurred are subject to harmless error analysis.'"[39] "Sixth Amendment violations that do not pervade the entire proceeding . . . are subject to harmless error review."[40]

Even assuming that a constitutional violation occurred in this case, petitioner has not alleged that he suffered any harm from the denial of the motion for continuance and the motion for dismissal. Petitioner states that he was "unable, as a direct result of the correctional officer's actions, to pass on important information regarding his upcoming jury trial." Yet, petitioner does not explain what information he was prevented from relaying to his counsel, and he fails to explain how this caused him to suffer harm at his trial. Also, the record shows that petitioner was able to communicate freely with his counsel in the previous weeks leading up to trial, meaning that petitioner could have passed on this information to his counsel at that time. And further, petitioner was able to communicate with his counsel on the Saturday before trial, and

---

[37]386 U.S. 18 (1967).

[38]*Id.* at 22.

[39]*United States v. Desoto*, 950 F.2d 626, 630 (10th Cir. 1991) (quoting *Rose v. Clark*, 478 U.S. 570, 579 (1986)).

[40]*United States v. Lott*, 433 F.3d 718, 722 (10th Cir. 2006) (citations omitted). In *United States v. Lott*, defendant was denied counsel at an evidentiary hearing. The Tenth Circuit did not decide whether the evidentiary hearing was a "critical stage" such that the Sixth Amendment right to counsel was implicated, but instead determined that any constitutional error was harmless beyond a reasonable doubt. *Id.* at 721–24.

there is nothing in the record to indicate that petitioner was unable to give such information to his counsel at that time.  Further, the record shows that petitioner's counsel was adequately prepared for trial and that he served as effective counsel throughout the proceedings.  Therefore, even assuming that a constitutional violation occurred, any error was harmless beyond a reasonable doubt.

As explanation above, petitioner has failed to show that he suffered a complete denial of counsel in the week preceding his trial such that a Sixth Amendment violation occurred, requiring the Court to presume prejudice.  Further, even if the Court were to assume that petitioner suffered a constitutional violation, petitioner has failed to allege that he suffered any harm in his criminal proceedings.  Thus, petitioner has failed to allege that the state court's decision was contrary to or involved an unreasonable application of federal law.  Accordingly, his petition for habeas relief must be denied.

**IT IS SO ORDERED.**

Dated this  31st  day of July, 2007.

                                              S/ Julie A. Robinson
                                             Julie A. Robinson
                                             United States District Judge